UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

JERRY SLATER,

*Defendant-Appellant.*

No. 02-4200

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Robert C. Chambers, District Judge.
(CR-99-219)

Submitted: August 26, 2002

Decided: September 26, 2002

Before MICHAEL, TRAXLER, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Mary Lou Newberger, Federal Public Defender, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, Lisa A. Green, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Jerry Slater appeals the district court's revocation of his term of probation and sentencing him to twenty months in prison. Slater's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), stating that he was not aware of any meritorious issues for appeal, but raising three issues: (1) the district court abused its discretion by revoking Slater's probation and sentencing him to twenty months' imprisonment; (2) the district court committed plain error by not specifying the schedule of restitution payments in its order; and (3) the district court committed plain error by failing to give explicit notice of Slater's right to be represented by counsel at his revocation hearing. Slater has also filed a pro se supplemental brief alleging the district court erred in sentencing him and challenging the legality of his original indictment. Finding no error, we affirm.

Upon finding a probation violation, the district court may revoke probation and resentence the defendant to any sentence within the statutory maximum for the original offense. 18 U.S.C. § 3565(a) (2000); *United States v. Schaefer*, 120 F.3d 505, 507 (4th Cir. 1997). The uncontroverted evidence established that Slater violated several conditions of his probation. Because the district court imposed a sentence within the five-year maximum for Slater's original offense, it did not abuse its discretion in revoking his probation and sentencing him to twenty months' imprisonment.

Next, Slater argues the district court erred in failing to specify the schedule in which restitution should be paid in its restitution order. We conclude the district court's oral restitution order in conjunction with both written judgments of conviction meets the requirements set out in 18 U.S.C. § 3664(f) (2000) and the guidelines set forth by this Court in *United States v. Miller*, 77 F.3d 71 (4th Cir. 1996). Therefore, Slater's argument is meritless.

Counsel also asserts that the district court "conceivably erred" by failing to advise Slater of his right to counsel, in violation of Fed. R. Crim. P. 32.1(a)(2). However, Slater was represented by court-appointed counsel at his revocation hearing and, therefore, any error

in failing to advise him in accordance with Rule 32.1(a)(2) was harmless.

Finally, Slater's pro se supplemental brief raises several issues challenging the legality of his original indictment and his sentence. Slater's original judgment and conviction was entered in April 2000 based upon his guilty plea pursuant to a written plea agreement. He did not appeal either his conviction or sentence. He has therefore waived appellate review of these claims.

As required by *Anders*, we have reviewed the record and conclude that there are no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*